UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

IN RE: APPOINTMENT OF COUNSEL FOR
MOTIONS FOR A SENTENCE REDUCTION
PURSUANT TO THE FIRST STEP ACT,
Pub. L. 115-391, 132 Stat. 5194 (2018)

**Case: 3:21-mc-00228**

## STANDING ORDER

The following procedure shall be followed by agencies and attorneys in the Western District of North Carolina to assist the Court in ruling on post-conviction motions to reduce sentences pursuant to Section 404(b) of the First Step Act (FSA), Publ. L. 115-391, 132 Stat. 5194 (2018) (21 U.S.C. § 841 note).[1]

Pursuant to the provisions of the Criminal Justice Act, Title 18, U.S.C. § 3006A(a)(1) and (c), and the discretion of the Court, the Federal Defenders of the Western District of North Carolina (FDWNC) may provide representation to eligible defendants, as defined by this Order. An eligible defendant (i) must have previously been determined to have been entitled to appointment of counsel or is now indigent and (ii) must have recently filed a pro se motion under Section 404(b) that the FDWNC deems non-frivolous. This appointment is limited to cases affected, or potentially affected, by Section 404(b) and, except upon motion of counsel and approval by this Court, will terminate upon a determination by appointed counsel that the defendant is not eligible for relief, or, if eligible for relief, upon exhaustion of the defendant's Section 404(b) post-conviction remedies.[2]

This Order only authorizes appointment of counsel for motions to reduce sentence under section 404(b) of the FSA, not motions for sentence reduction or release under 18 U.S.C. § 3582(c), commonly known as "compassionate release" motions. While indigent defendants generally are not entitled to appointed counsel after their first appeal of right,[3] the Court, as in the instant Order, may authorize limited post-conviction appointments where Congress, the Supreme Court, or the Sentencing Commission explicitly move to correct some error of law on a retroactive basis (e.g., an invalid statutory clause or

---

[1] This Order applies only to motions for a sentence reduction under section 404(b), does not apply to motions for post-conviction relief on any other ground, and does not create any rights for defendants.

[2] Appointed counsel is also responsible for withdrawing from representation if defendant's sentence reduction motion is in whole or in part a compassionate release motion. In such a case, while counsel may continue representation as to the Section 404(b) motion, counsel may not continue representation as to the compassionate release motion unless specifically authorized by the presiding judge.

[3] See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Kennedy, 372 F.3d 686, 691-92 (4th Cir. 1984).

sentencing disparities impacting crack offenders). Other than the Court authorizing appointment of counsel in cases involving retroactive changes in the law, there is no constitutional or statutory basis for a blanket appointment of counsel to pursue post-conviction motions (e.g., discretionary compassionate release motions or motions for early termination of supervised release). If an individual judge in a particular case choses to appoint counsel to assist a defendant on a specific post-conviction motion, that judge may do so to the extent permitted by law. See id. § 3006A(c).

Finally, should the FDWNC determine that there is a prohibitive conflict of interest precluding representation, in any case covered by this Order, the FDWNC will assign the case to a member of the Criminal Justice Act panel in this District and provide a copy of the Presentence Investigation Report to new counsel.

IT IS SO ORDERED, this 9 day of December 2021.

_____
Martin Reidinger
Chief United States District Judge

_____
Robert J. Conrad, Jr.
United States District Judge

_____
Kenneth D. Bell
United States District Judge

_____
Frank D. Whitney
United States District Judge

_____
Max O. Cogburn, Jr.
United States District Judge

_____
Graham C. Mullen
Senior United States District Judge